UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  Case No.: 6:20-bk-06950-KSJ
Chapter 7

ALBERT R JOHNSON
BETTY K JOHNSON

Debtor.
_____/

**MOTION FOR ORDER APPROVING SALE OF ESTATE'S
INTEREST IN NON-EXEMPT REAL ESTATE IN VOLUSIA COUNTY, FLORIDA**

Trustee, Dennis Kennedy, by and through his undersigned counsel, moves this Court for authority to sell the estate's interest in real property on the following terms:

1. The property to be sold is the estate's interest in non-exempt residential real estate in Volusia County, Florida, said real estate being more particularly described as follows:

---

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper, you must file a response with the Clerk of the U.S. Bankruptcy Court, 400 W. Washington St., Ste. 5100, Orlando, FL 32801 and serve a copy on Arvind Mahendru, Attorney, 5703 Red Bug Lake Road #284, Winter Springs, Florida 32708 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

LOT 3, BLOCK 252, DELTONA LAKES UNIT FIVE, ACCORDING TO PLAT THEREOF AS RECORDED IN PLAT BOOK 25, PAGES 127 THROUGH 138, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

2. Manner of Sale: The buyer has been procured through the efforts of the estate's realtor, Century 21 Carioti, and BK Global Real Estate Services ("BKRES"). The buyer has made an earnest money deposit in the amount of $1,624.00, and is ready to complete the purchase for the sales price indicated below, upon approval of the sale by the Court. Trustee

proposes to convey whatever interest the Estate has in the property to the Buyer upon approval of this Motion.

3. Terms of Sale:
   a. Buyer: Highpoint Holdings Group LLC
   b. Sales Price: $162,400.00
   c. Appraised Value: The property is appraised by the Volusia County Property Appraiser with a value of $132,500.00. The property was listed on the MLS and produced multiple offers, the current contract being the highest and best.
   d. Costs of Sale: This is a lender approved short sale and the lender has agreed to pay the following costs associated with transfer of title:

| | |
|---|---|
| Real Estate Commission & Costs | 9,744.00 |
| Title Charges | 2682.00 |
| Documentary Stamp Tax on Deed | 1,272.80 |
| Bankruptcy Estate carve out | 8,120.00 |
| Mortgage Payoff | $129,054.51 * |
| Second mortgage | $10,000* |
| Prorated 2020 Property Tax | 574.63 * |
| Total | $132,500.00 |

* estimate

The net proceeds to the estate consist of a bankruptcy carve out in the amount of $8,120.00. The first mortgage has agreed to accept a minimum payment of $129,054.51 as full payment and satisfaction of their mortgage, and any excess funds resulting from overestimate of closing costs will be applied to the payoff. The short sale approval letter is attached as Exhibit "A." The second mortgage has agreed to accept a minimum payment of $10,000 as full payment and satisfaction of their mortgage. The short sale approval letter is attached as Exhibit "B."

   e. Trustee intends to transfer title to the property by trustee's deed, subject to current year's taxes, assessments, zoning, restrictions, and other requirements imposed by governmental authorities, and other matters appearing on the plat or otherwise common to the subdivision, and public utility easements of public record.

   f. The estate will provide a trustee's deed to the buyer and certified copies of the Order approving sale, Notice of Commencement of bankruptcy and of the docket, reflecting no objections to the sale, or if any, that said objections were overruled by Court Order. Trustee is unaware of the

existence of any liens or encumbrances on the property except as disclosed above. There are no adverse tax consequences of the sale to the estate.

g.  The Trustee respectfully requests that this Court: (a) waive the 14-day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to this sale.

WHEREFORE, Trustee moves this Court to enter an Order authorizing the sale of the property as set forth above and waive the 14-day stay pursuant to Rule 6004(h).

Respectfully submitted,

/s/ Arvind Mahendru
Arvind Mahendru, Esq.
5703 Red Bug Lake Rd. #284
Winter Springs, FL 32708
407-504-2462

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to all parties below and on the attached list this July 2, 2021:

Shelly Hogue, Esq., via ECF
SPS c/o Marc Granger, Esq. via ECF

**US Mail to:**

Debtors, 960 Clayton Dr, DELTONA, FL 32725
MBC Investments LLC, ONE CORPORATE DRIVE SUITE 300, WAUSAU, WI 54401; Attn: President, Manager where creditor routinely does business.

/s/ Arvind Mahendru
Arvind Mahendru